UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK NEW,

    Petitioner,

v.

WARDEN HOREL,

    Respondent.
                                    /

No. C 06-3823 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Mark New, currently incarcerated at Pelican Bay State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition contains the following information: New pled guilty and was convicted in the Alameda County Superior Court of carjacking and attempted robbery. He was sentenced on August 17, 2004 to a term of 14 years in state prison. New states that he did not appeal but did file unsuccessful habeas petitions in state court. His habeas petition in the California Supreme Court was denied in 2006. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition's first claim is that the superior court judge wrongly denied New's motion to withdraw his plea that he was misled by trial counsel to accept. The petition does not identify any federal constitutional provision that protects against the wrongful denial of a motion to withdraw a plea. The claim will be dismissed.

The petition's second claim is that there was insufficient evidence to support a conviction and New's attorney neglected to present this helpful evidence during a hearing. A pre-plea constitutional violation cannot be considered in a federal habeas action brought by a petitioner has who pled guilty. See Haring v. Prosise, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) (same); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.), cert. denied, 516 U.S. 976 (1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation). The alleged error in the presentation of evidence occurred before New pled guilty and therefore is barred by the rule against consideration of pre-plea constitutional violations. The part of the claim that concerns the alleged absence of insufficient evidence to support his conviction is meritless because his conviction rests on a guilty plea rather than a jury verdict. The amount of proof necessary for a trier of fact to find him guilty is irrelevant because he pled guilty.

The third claim in the petition is that the trial court and district attorney failed to order a line-up at which New's attorney would be present. This is another example of a claim for a pre-plea constitutional violation that cannot be considered in a federal habeas action because New pled guilty.

The fourth claim in the petition is that counsel provided ineffective assistance of counsel in advising him to plead guilty. New complains that counsel failed to consider substantial evidence in New's favor, failed to demand a line-up with six men, failed to file a discovery motion, failed to interview witnesses and otherwise investigate – all of which apparently led her to urge him to plead guilty. A defendant who enters a guilty plea on the advice of counsel may generally only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. See Hill v. Lockhart, 474 U.S. 52, 56 (1985); Tollett v. Henderson, 411 U.S. at 267. Liberally construed, the fourth claim in the petition is cognizable.

## CONCLUSION

For the foregoing reasons,

1. The fourth claim in the petition is cognizable in a federal habeas action and warrants a response. The other claims in the petition are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondents and respondents' attorney, the Attorney General of the State of California. The clerk shall also send a copy of this order to petitioner.

3. Respondents must file and serve upon petitioner, on or before **January 12, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondents must file with the answer a copy of the record of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse

with the court and serving it on respondent on or before **February 16, 2007**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly inform the court of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: November 7, 2006

SUSAN ILLSTON
United States District Judge